PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., and WILLIAMS, J., dissent.

---

DURYEA v. KAISER et al. (Supreme Court, Appellate Division, First Department. November 15, 1907.) Action by William F. Duryea against John Kaiser and another. No opinion. Motion granted, with $10 costs. Order filed.

---

EAGER v. LEHIGH & H. R. RY. CO. (Supreme Court, Appellate Division, Second Department. November 22, 1907. Appeal from Trial Term, Orange County. Action by Hattie J. Eager, as administratrix of the estate of William C. Eager, deceased, against the Lehigh & Hudson River Railway Company. From a judgment for plaintiff for $21,468.39, entered upon a jury's verdict, defendant appeals. Affirmed. John J. Beattie, for appellant. Abram F. Servin, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

GAYNOR, J. (dissenting). The deceased was killed by a passenger express train going at its regular speed, viz., about 30 miles an hour, at a dangerous country railroad crossing. He and two others, one of whom was driving, were crossing the defendant's track in a wagon. The only question of the defendant's negligence submitted to the jury was whether warning was given by bell and whistle. It was claimed by the plaintiff and stated by the learned trial judge in his charge that owing to a rise of the ground, and then to buildings by the railroad track, the view of one riding along the highway by which they approached the crossing was cut off from the track from a point a considerable distance from the railroad track until you got up close thereto. There is evidence that this distance was as great as 200 yards. The case was one therefore where the rule of reasonable care by looking and listening of a person approaching the track to cross required a greater degree of care than if there had been no obstruction. What is reasonable care depends upon the particular case. What would be reasonable care in one case may not be reasonable care in another. The greater the danger the greater the care required to satisfy the rule of reasonable care, and as we go up the scale a case may be reached where nothing short of the highest degree of care would suffice. A railroad crossing may be so dangerous (and that may be this case) that a jury would be justified in finding as matter of fact that reasonable care required that a person about to go over it with a horse and wagon should first get down and go ahead on foot near to the track, or to or upon it, to see if a train be approaching. And if he cannot look up or down the track until he gets near to it, on account of obstructions, then he must look at the point where he can look. His duty to look cannot be dispensed with. If he cannot look until he gets 20 feet from the track, he must look then. The learned trial judge charged the jury in the main charge that it was the duty of the deceased to be alert "by looking and listening for the approach of a train," but that if from his position in the wagon he could not have seen the train if he had looked, his failure to look would not be contributory negligence. This left out of view that if he could not see from the wagon the jury might have found it his duty to get down and walk ahead and look. But no exception was taken to this part of the charge. After the main charge was concluded, however, the matter was brought up, and the learned trial judge charged in succession three requests of counsel for the defendant, viz.: (1) That although the deceased was not driving he was bound "to make reasonable and prudent effort to see that the crossing was safe"; (2) that "if the jury finds that he did not make reasonable or prudent effort to see for himself that the crossing was safe and listened for the train, then the plaintiff cannot recover"; and (3) that "there is no evidence that Mr. Eager" (who was the deceased) "did look or listen before he crossed the track." The learned counsel afterwards asked the court to charge that "as it appears there is no evidence that Mr. Eager did either look or listen in this case, as the court has charged, that the plaintiff cannot recover." The request was refused, and the defendant excepted. The jury were thus left to understand that although it were the fact as the court charged that there was no evidence that the deceased looked, nevertheless that did not matter if he could not have seen the train if he had looked from his place in the wagon, and that he was not obliged to get down or make any other effort to see; and also that even if the deceased did not listen at all the plaintiff could recover, for although they were charged that there was no evidence that he listened, they were left to say whether they would find for the plaintiff. It may be that even though no one testified that he saw the deceased listen, there may nevertheless have been evidence from all of the facts put together from which the jury could find that he did listen. But this was not explained to the jury; they were left to believe that failure to listen need not be regarded as contributory negligence. The tenor of the main charge and of the three requests charged and of the refusal to charge taken together, was that there could be a recovery although the deceased neither looked nor listened—the excuse taken for not looking being that he could not see if he had looked from his seat in the wagon, and no excuse being given for not listening. The judgment should be reversed on the law and the facts.

---

EASTON et al., Respondent, v. NEW YORK STATE NAT. BANK AT ALBANY, Appellant. (Supreme Court, Appellate Division, Third Department. November 13, 1907.) Action by William Easton and others against the New York State National Bank at Albany. No opinion. Interlocutory judgment affirmed, with costs, with leave to defendant to answer on payment of costs of demurrer and of this appeal.

---

EASTON et al. v. NEW YORK STATE NAT. BANK AT ALBANY. (Supreme Court, Appellate Division, Third Department. November 27, 1907.) Action by William Easton and others against the New York State National Bank at Albany. No opinion. Motion denied.